UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KIRK ALLEN MARSHALL,

                              Plaintiff,

            v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                              Defendant.

Case No. 3:14-cv-05463-KLS

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of defendant's denial of his

application for disability insurance benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of

Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard

by the undersigned Magistrate Judge. After reviewing the parties' briefs and the remaining

record, the Court hereby finds that for the reasons set forth below, defendant's decision to deny

benefits should be reversed and this matter should be remanded for further administrative

proceedings.

                    FACTUAL AND PROCEDURAL HISTORY

       On March 16, 2011, plaintiff filed an application for disability insurance benefits,

alleging disability as of December 10, 2008. *See* Dkt. 9, Administrative Record ("AR") 14. That

ORDER - 1

application was denied upon initial administrative review on May 12, 2011, and on reconsideration on July 28, 2011. *See id.* A hearing was held before an administrative law judge ("ALJ") on December 28, 2012, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. *See* AR 29-72.

In a decision dated January 31, 2013, the ALJ determined plaintiff to be not disabled. *See* AR 14-23. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on May 20, 2014, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). *See* AR 1; 20 C.F.R. § 404.981. On June 18, 2014, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. *See* Dkt. 3. The administrative record was filed with the Court on August 25, 2014. *See* Dkt. 9. The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for further administrative proceedings because the ALJ erred:

(1)   in failing to properly consider the medical opinion evidence from Robert Hoskins, M.D.;

(2)   in failing to take into account the limiting effects of plaintiff's pain in assessing his residual functional capacity;

(3)   in discounting plaintiff's credibility;

(4)   in rejecting the lay witness evidence in the record;

(5)   in failing to inquire about a conflict between the vocational expert's testimony and the Dictionary of Occupational Titles ("DOT") regarding the need to have close proximity to a bathroom and that need's impact on his ability to perform his past relevant work as a mail clerk; and

(6)   in finding plaintiff to be capable of performing other jobs existing in significant numbers in the national economy in light of the vocational expert's failure to provide sufficiently accurate testimony regarding those numbers.

ORDER - 2

Defendant agrees this matter should be reversed and remanded, because the ALJ erred in relying on the vocational expert's testimony concerning plaintiff's past relevant work and the number of other jobs existing in the national economy. In addition, defendant argues reversal and remand is warranted in light of the ALJ's failure to provide any rationale for assessing a residual functional capacity that included a limitation that plaintiff would have been off-task for five percent of the workday. For the reasons set forth below, the Court agrees the ALJ erred as argued by defendant, and therefore finds the decision to deny benefits should be reversed and remanded for further administrative proceedings on this basis. Although plaintiff requests oral argument, the Court finds such argument to be unnecessary here.

<u>DISCUSSION</u>

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Commissioner of Social Security Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported

ORDER - 3

by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)). [1]

I.   The ALJ's Assessment of Plaintiff's Residual Functional Capacity

Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. *See id.* If a disability determination "cannot be made on the basis of medical factors alone at step three of that process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 *2. A claimant's residual functional capacity ("RFC") assessment is used at step four to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. *See id.*

Residual functional capacity thus is what the claimant "can still do despite his or her

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

ORDER - 4

limitations." *Id.* It is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. *See id.* However, an inability to work must result from the claimant's "physical or mental impairment(s)." *Id.* Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." *Id.* In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." *Id.* at *7.

As noted above, the ALJ assessed plaintiff with a residual functional capacity containing the limitation that he would have been off task five percent of the workday. *See* AR 17. As noted by defendant, however, nowhere in her decision does the ALJ offer any rationale for including that limitation. *See* AR 14-23. The ALJ's RFC assessment thus cannot be said to completely and accurately describe all of plaintiff's limitations or to be supported by substantial evidence, and therefore cannot be upheld.

II.    The ALJ's Findings at Step Four

At step four of the sequential disability evaluation process, the ALJ found plaintiff to be capable of performing his past relevant work as a mail clerk. *See* AR 21-22. But as plaintiff argues and defendant acknowledges, both as described by plaintiff and defined by the DOT that job requires the ability to stand and/or walk for more than two hours in an eight-hour workday (*see* AR 176; DOT 209.687-026, 1991 WL 671813; 20 C.F.R. 404.1567(b)), whereas as the ALJ restricted plaintiff to standing or walking for only two hours in an eight-hour workday. As such, substantial evidence does not support the ALJ's findings at step four and therefore here too they cannot be upheld.

ORDER - 5

III.   The ALJ's Findings at Step Five

        If a claimant cannot perform his or her past relevant work at step four of the sequential

disability evaluation process, at step five thereof the ALJ must show there are a significant

number of jobs in the national economy the claimant is able to do. *See Tackett v. Apfel*, 180 F.3d

1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 404.1520(d), (e), § 416.920(d), (e). The ALJ can do

this through the testimony of a vocational expert. *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th

Cir. 2000); *Tackett*, 180 F.3d at 1100-1101. An ALJ's findings will be upheld if the weight of the

evidence supports the hypothetical question posed by the ALJ to the vocational expert. *See*

*Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler*, 753 F.2d 1450, 1456

(9th Cir. 1984). The vocational expert's testimony therefore must be reliable in light of the that

evidence. See *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's

description of the claimant's disability "must be accurate, detailed, and supported by the medical

record." *Id.* (citations omitted).

        In this case, the ALJ found plaintiff to be capable of performing other jobs existing in

significant numbers in the national economy based on a hypothetical question she posed to the

vocational expert, containing substantially the same limitations as were included in the ALJ's

assessment of plaintiff's RFC. *See* AR 23, 63-66. But because as discussed above it cannot be

said that the RFC assessment completely and accurately describes all of plaintiff's functional

limitations, the hypothetical question the ALJ posed also cannot be said to completely and

accurately describe plaintiff's functional capabilities, and therefore the ALJ's step five

determination which is based on the vocational expert's testimony also cannot be upheld. In

addition, as noted above, both parties agree the vocational expert's testimony concerning the

numbers of other jobs available in the national economy was not sufficiently accurate with

ORDER - 6

respect to the jobs the vocational expert identified. Accordingly, this too is an additional basis for reversal and remand of this matter.

IV.  <u>This Matter Should Be Remanded for Further Administrative Proceedings</u>

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because issues still remain with respect to plaintiff's residual functional capacity and his ability to perform other jobs existing in significant numbers in the national economy, remand for further consideration of those issues is warranted, including if necessary a new hearing.[2]

---

[2] Defendant argues in response to plaintiff's request that the Court order a new hearing be held on remand, that a new hearing may not be necessary if this matter can be resolved at step four. Although a new hearing will not be ordered for this reason, the Court does recognize that one may be necessary, as plaintiff notes, for the purpose of obtaining additional expert testimony at step five. Plaintiff asserts "given that it is conceded that the ALJ's step 4 findings are defective as well as at step 5, after remand this case will be limited to a decision at step 5 with input from a [vocational expert] as to whether [he] is capable of other work." Dkt. 21, p. 2. Given the ALJ's erroneous

ORDER - 7

1

CONCLUSION

2          Based on the foregoing discussion, the Court hereby finds the ALJ improperly concluded

3   plaintiff was not disabled. Accordingly, defendant's decision to deny benefits is REVERSED

4   and this matter is REMANDED for further administrative proceedings in accordance with the

5   findings contained herein.

6          DATED this 17th day of April, 2015.

7

8

9

10

11

12                                          Karen L. Strombom
                                            United States Magistrate Judge
13

14

15

16

17

18

19

20

21

22

23

24

25

26   RFC assessment and the fact that plaintiff has past relevant work consisting of jobs other than the mail clerk job that
     the ALJ did not appear to specifically rule on (*see* AR 21-22), it is far from clear that the issues for consideration on
     remand will be limited solely to those at step five.

ORDER - 8